UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PETER SHARMA,<br><br>                    Plaintiff,<br>v.<br><br>STATE OF ARIZONA.,<br><br>                    Defendant. | Case No. 2:18-cv-02087-APG-GWF<br><br>**ORDER**<br>**REPORT AND RECOMMENDATION**<br><br>Application to Proceed *in Forma Pauperis* (ECF No. 1) and Screening of Complaint (ECF No. 1-1) |

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on October 31, 2018.

## BACKGROUND

Plaintiff alleges that he was charged with taking the identity of another person and was unlawfully convicted by the State of Arizona. He alleges that he transposed the first 5 numbers of his social security number when he applied for services with SRP Power, which appears to be a utility company in Arizona, and Cox Cable. He appears to allege that the State of Arizona failed to prove he "knowingly" used means of identification that belonged to another individual. He seeks compensation in the amount of $2,000,000 for his time served in custody. Plaintiff does not appear to be and does not allege that he is currently an inmate.

## DISCUSSION

### I.    Application to Proceed *In Forma Pauperis*

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the full filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

## II.     Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Parks v. Johnson*, WL 1368984, at *3 (D. Nev. Mar. 7, 2017), report and recommendation adopted, 2017 WL 1371257 (D. Nev. Apr. 11, 2017). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

2

### III. Instant Complaint

#### A. Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Limited jurisdiction means that federal courts (1) possess only that power authorized by the Constitution or a specific federal statute and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sits. *See* U.S. Const. art. III, § 2, cl. 1. Generally, subject matter jurisdiction may derive from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States," or from claims involving a federal question, which are "civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332.

Rule 8(a)(1) of the Federal Rules of Civil Procedure states that a "claim for relief must contain ... a short plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The burden of proving jurisdiction rests on the party asserting jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.* 298 U.S. 178, 182–83 (1936). Plaintiff does not state the grounds for the Court's jurisdiction in his complaint. For the reasons discussed below, the Court finds that the complaint fails to state a proper jurisdictional basis and fails to state a claim upon which relief can be granted.

#### B. § 1983

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). In order to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49.

3

### 1. State Court Criminal Conviction

Federal district courts do not have appellate jurisdiction over a state court. *See*, *e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). In *Heck*, the Supreme Court held that a plaintiff cannot succeed on a § 1983 claim that implicates the constitutionality of the plaintiff's conviction or sentence, unless he demonstrates that the conviction or sentence has been overturned on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 480 (1994)). "A claim for damages bearing that relationship to a conviction or sentence that has not been ... invalidated is not cognizable under § 1983." *Id.* at 487. A prisoner "may challenge the validity of his arrest, prosecution, and conviction only by *writ of habeas corpus*." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

Although unclear from the allegations contained in Plaintiff's complaint, he provided his Arizona state court case number showing that he was convicted of multiple charges in state court.[1] Plaintiff seeks monetary compensation for serving his sentence, presumably as a result of his state court convictions. However, his conviction has not been reversed on direct appeal, expunged by executive order, or declared invalid. "Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. 477, 489–90, 114 S. Ct. 2364, 2374, 129 L. Ed. 2d 383 (1994). Therefore, this claim should be dismissed. However, the dismissal must be without prejudice so that he may file an action in the appropriate court in the event he succeeds in invalidating his conviction. *See Parks v. Johnson*, 2017 WL 1368984, at *4 (D. Nev. Mar. 7, 2017), report and recommendation adopted, 2017 WL 1371257 (D. Nev. Apr. 11, 2017) (citing *Belanus v. Clark*, 796 F.3d 1021, 1024–25 (9th Cir. 2015)).

---

[1] Based on the docket for case no. S-0700-CR-2005110615, Plaintiff was sentenced in state court and a notice of appeal was filed.

4

### 2. State of Arizona

Under the 11th Amendment, plaintiffs are barred from bringing suits against states in federal court. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993); *Been tjes v. Placer County Air Pollution Control Dist.,* 397 F.3d 775, 777 (9th Cir.2005). States are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Jackson v. Barnes*, 749 F.3d 755, 764 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 980 (2015). Therefore, § 1983 claims against states are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). As a result, the Court recommends dismissal of Plaintiff's claims against the State of Arizona. Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Complaint (#1-1).

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint against Defendant State of Arizona be **dismissed** due to Plaintiff's failure to state a claim for which relief can be granted.

### NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S.

1  140, 142 (1985).  Failure to file objections within the specified time or failure to properly address
2  and brief the objectionable issues waives the right to appeal the District Court's order and/or
3  appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157
4  (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

      Dated this 25th day of July, 2019.

                                                                  */s/ George Foley, Jr.*
                                                                  GEORGE FOLEY, JR.
                                                                  UNITED STATES MAGISTRATE JUDGE